### 4829. FLOOD v. THE STATE.

The testimony was not sufficient to exclude every reasonable hypothesis save that of the guilt of the accused, and a new trial should have been granted.
DECIDED MAY 20, 1913.

Indictment for sale of liquor; from Murray superior court— Judge Fite. February 25, 1913.

*William E. Mann,* for plaintiff in error.

*Sam. P. Maddox, solicitor-general,* contra.

POTTLE, J.   The accused was convicted of selling intoxicating liquors, and his motion for a new trial was overruled.   The motion is based upon the general ground that the verdict is contrary to the evidence, and upon a ground containing alleged newly discovered evidence.   Only one witness to material facts was sworn in behalf of the State, and his testimony is substantially as follows:   In company with four other persons the witness went into the mountains to look at some timber land, and came back by the house of the accused.   They all stopped and talked a while, and all went away except the witness, who stayed at the house to get some whisky.   While the accused was looking for something to put the whisky in, the witness went out where one of his companions was, got a dollar from him, and came back to the house and got a quart of whisky from the accused. · He asked the accused what the whisky was worth, and the accused replied that it was worth one dollar.   The witness put the money on the table, and the accused told him to "take that dollar up," that it might cost him $500.   The witness took up the money and, after a while, laid it on a shelf.   The accused again told the witness to take the money.   In reference to the money the witness testified as follows:   "I do not remember whether I took it or not, but rather think I left it there.   I hadn't been to dinner, and had been drinking some.   My mind is not clear about it, but my recollection is that I left the money there. I did not give it back to Mr. Tyson.   I would not have kept it. I felt in my pocket the next morning and did not have it.   That was all the money I had."   The person who gave the witness the money was in the State of Arkansas at the time of the trial.   This person and the witness went to the house of the accused the next day after this transaction took place, and got some whisky.   The witness did not then see the accused, but his companion went in the house, stayed about 30 or 40 minutes, and returned with a gallon of whisky.   The accused, in his statement at the trial, claimed that he refused to accept the dollar; that one of the men in the party had returned home on a visit, and that he told the witness that he was giving him the whisky for his old schoolmate; that he told the witness to take the money, and the witness picked it up and went away with it; that he was not at home the next day,

and did not know about anybody getting any whisky from his house at that time. The alleged newly discovered testimony consisted of the affidavit of the witness for the State upon whose testimony the conviction rested, that after the trial he was discussing the matter with his wife and asked her about the clothes he wore the day he went to the house of the accused, and if he had on a vest at that time. His wife replied that he did wear a vest that he had bought from a store in Dalton. She thereupon took the vest out of the trunk, and found therein a silver dollar. Affiant says that this was the same dollar that he offered the accused, and that, after finding this money, he now swears that he did not leave the money with the accused, and he is certain that the accused did not accept any money from him. The accused makes an affidavit that he knew nothing about the alleged newly discovered evidence until after the trial, and could not have discovered the same by the exercise of reasonable diligence. There are no affidavits in reference to the character of the affiant, nor any affidavit from the attorney of the accused, and for this reason the ground of the motion is not technically complete. But, since the State had offered the witness and thus vouched for his credibility, and since the witness himself did not at the time of the trial know the new facts, an affidavit of ignorance on the part of the defendant's counsel would have added no force to the ground. In the light of the testimony for the State, however, we feel constrained to find that the ends of justice require a new hearing. In all criminal cases the guilt of the accused must be established beyond a reasonable doubt. It appears from the testimony of the State's witness, aside from the affidavit in the motion for new trial, that the accused declined to accept pay for the whisky. The witness does say his mind is not clear whether he left the money there, but his recollection is that he did; and he bases this recollection largely upon the fact that he did not give the money back to his companion from whom he had obtained it, and did not find it in his pants pocket he next morning.

We have several times held that, where one obtains whisky from another and leaves money in a place accessible to the person furnishing the whisky, the jury would have the right to infer, in the absence of something to the contrary, that the money was accepted and appropriated by the owner of the whisky. See *Rucker* v. *State*, ante, 632 (77 S. E. 1132). In the present case, however, the evi-

dence is undisputed that the accused refused to accept the money, and there is no evidence that he afterwards appropriated it to his own use. The jury evidently thought that a sale had been consummated, and were unwilling to accept the explanation as to the circumstances under which the whisky was obtained. The conviction was based wholly upon the testimony of one witness for the State; and, since it was nowhere contradicted, the jury must have accepted it in whole or rejected it altogether. They were not at liberty to treat the testimony of the witness as they could the unsworn statement of the accused,—that is to say, believe it in part and reject it in part,—unless the part rejected was contradicted or in some way shown to be untrue. It was not absolutely essential in the present case that the person who made the affidavit in reference to the newly discovered evidence should have been supported as to character, for he was the same person who had been vouched for by the State and upon whose testimony alone the conviction was obtained. The case is a peculiar one. The witness must be assumed to have been honest and truthful. He subsequently discovered a fact which convinced him and which would convince any jury that he was mistaken in his original testimony. We by no means intend to hold that the trial judge should in all cases grant a new trial simply because the State's witness, after the trial, makes affidavit that he was mistaken as to a material matter. But it is extremely doubtful if the conviction was authorized, without reference to the affidavit of the witness made after the trial. The burden is on the State to prove a sale and to negative the idea of a gift or loan. Before a sale can be shown it must appear that something was received or promised in consideration for the delivery of the, intoxicating liquor. If the State attempts to show that the sale was for cash, it must prove that money was offered and accepted. This may be shown circumstantially, but when circumstances are relied on they must be inconsistent with innocence. In the present case they were by no means conclusive of the guilt of the accused. The trial judge may be acquainted with the parties, and from his knowledge of them he may have had reason to believe that the explanation of the transaction by the witness who was friendly to the accused was a mere pretext to enable him to escape the consequences of his act, but we must view the case upon the record as presented to us; and, so considering it, we feel constrained to order a new trial.                    *Judgment reversed.*